IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02006-BNB

CHRISTOPHER SELECTMAN,

    Applicant,

v.

ARISTEDES ZAVARAS and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 4 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, Christopher Selectman, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility. Mr. Selectman initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Selectman is challenging the validity of his conviction and sentence in Case No. 94CR371, in the Arapahoe County District Court.

In an order filed on August 27, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving an extension of time, Respondents filed a Pre-Answer Response on October 14, 2009. Mr. Selectman filed a reply on October 20, 2009.

The Court must construe liberally the Application filed by Mr. Selectman because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

On July 6, 1995, Mr. Selectman was convicted by a jury of first degree murder, second degree murder, and attempted robbery. Pre-Answer Resp. Ex. A at p. 9. On May 6, 1996, the trial court sentenced Mr. Selectman to life in prison without parole. *Id.* at 12.

Mr. Selectman filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on May 24, 2001. *See People v. Selectman*, No. 96CA1120 (Colo. App. May 24, 2001) (unpublished opinion). The Colorado Supreme Court (CSC) denied certiorari review on February 25, 2002. Pre-Answer Resp. at Ex. G.

On April 29, 2002, Mr. Selectman filed a motion pursuant to Colorado Rule of Criminal Procedure 35(c). Pre-Answer Resp. Ex. A at p. 14. The trial court denied the motion on February 11, 2004. *Id.* at 16. Mr. Selectman filed an appeal to the CCA, and, on March 30, 2006, the CCA reversed the order and remanded the case to the trial court for a determination of whether an evidentiary hearing was necessary. *Id.* at Ex. I.

After remand, the trial court issued a written order denying Mr. Selectman's Rule 35(c) motion on July 20, 2007. *Id.* at Ex. B. Mr. Selectman filed an appeal to the CCA,

and, on October 9, 2008, the CCA affirmed the trial court. *Id.* at Ex. M.  The CSC

denied certiorari review on January 12, 2009. *Id.* at Ex. O.

Mr. Selectman then filed the instant Application, which was received by the Court

on August 24, 2009.  Respondents concede, and the Court agrees, that the Application

is timely under 28 U.S.C. § 2244(d).

Mr. Selectman asserts ten claims for relief.  Respondents assert that Claims One

and Ten are unexhausted, and are now procedurally barred.  Respondents argue that

Mr. Selectman failed to present Claims One and Ten to the state courts as federal

constitutional questions because he relied only on Colorado case law in presenting

these claims.  Pre-Answer Resp. at 8-10.  Respondents further argue that Mr.

Selectman did not indicate the federal law basis for these claims, nor did he label them

as "federal" claims. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner

bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398

(10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been

defaulted in state court on an independent and adequate state procedural ground,

unless the petitioner can demonstrate cause and prejudice or a fundamental

miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007)

(citation omitted). Mr. Selectman's *pro se* status does not exempt him from the

requirement of demonstrating either cause and prejudice or a fundamental miscarriage

of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a

procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).  An

applicant, however, must show "some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule" and have "presented to the

state courts as an independent claim before it may be used to establish cause for a

procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  A showing of a

probability of actual innocence is required to meet the fundamental miscarriage of

justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Mr. Selectman concedes that Claim Ten is unexhausted because it was not

raised as a federal constitutional question upon direct appeal. *See* Reply at 2.

Accordingly, the Court will only analyze whether Mr. Selectman fully exhausted Claim

One during the state court proceedings.

Upon review of the opening brief in Mr. Selectman's direct appeal in state court,

the Court finds that Mr. Selectman did not raise Claim One as a federal claim. *See* Pre-

Answer Resp. Ex. C at 17-20.  Instead, in Claim One, Mr. Selectman presented the

issue of whether his statements to police made outside his mother's presence were

inadmissible under state law. *Id.* Mr. Selectman argued that the requirement of Colo.

Rev. Stat. § 19-2-210 that a juvenile's parent be present during custodial interrogation

was not subject to waiver. *Id.* Mr. Selectman did not assert the exact constitutional

injury in state court for Claim One like he did for the other claims that he raises in the

instant action.  Furthermore, in addressing Claim One, the Colorado Court of Appeals

did not analyze it in terms of a federal constitutional claim, but relied mainly on

Colorado law. *See id.* at Ex. E, p. 3-8.

With limited exceptions that are not applicable to Claims One and Ten, the

Colorado Rules of Criminal Procedure bar Mr. Selectman from raising a claim in a

postconviction motion that could have been raised on direct appeal.  *See* Colo. R. Crim.

P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an

appeal previously brought or postconviction proceeding previously brought"); *see also*

*People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review

is not available to address under a recently contrived constitutional theory issues that

were raised previously).  Therefore, the Court finds that Mr. Selectman has procedurally

defaulted Claims One and Ten in state court.

He also has failed to show cause for the default and actual prejudice as a result

of the alleged violation of federal law or demonstrate that the failure to consider his

claim will result in a fundamental miscarriage of justice.  Claims One and Ten,

therefore, are procedurally barred from federal habeas review.  Accordingly, it is

ORDERED that Claims One and Ten are dismissed for the reasons stated in this

Order.  It is

FURTHER ORDERED that Claims Two through Nine shall be drawn to a district

judge and to a magistrate judge.

DATED at Denver, Colorado, this 23 day of ___November___, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02006-BNB

Christopher Selectman
Prisoner No.  89855
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 11/24/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk